**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MICHAEL SABELLA,** | : |
| | : |
| Plaintiff, | : CIVIL NO. 3:CV-05-0427 |
| | : |
| vs. | : (CHIEF JUDGE VANASKIE) |
| | : |
| **AGENT TROUTNER, et al.,** | : |
| | : |
| Defendants. | : |

**MEMORANDUM AND ORDER**

**January 31, 2006**

Michael Sabella, an inmate currently confined at the State Correctional Institution at Coal Township, Pennsylvania, filed this civil rights action on February 28, 2005, pursuant to 42 U.S.C. § 1983. Named as Defendants are the following law enforcement officers: Bureau of Narcotics Agents Troutner, Westmoreland and Diller; Tri-County Drug Task Force Members Kurtz and Turner; Officer McNair; and Parole Officer Baughman. In the complaint Sabella contends that Defendants subjected him to excessive force when they arrested him on February 21, 2003. Presently pending are Sabella's motion for the appointment of counsel (Dkt. Entry 8) and Defendants' motions to dismiss (Dkt. Entries 11, 17 and 25.)

**I.    Background**

Sabella alleges that on February 21, 2003, during the course of an illegal arrest,

Defendant Troutner claimed Sabella had backed into his new van. Troutner then proceeded to punch him in the mouth and head, breaking his teeth. Sabella also alleges that Troutner pulled his hair and threatened him. Following this assault, Defendant Westmoreland grabbed Sabella, threw him against Sabella's truck and searched him for weapons. Westmoreland thereafter grabbed Sabella by the throat, picked him up and threw him face-first to the pavement. Sabella claims that he was knocked out and, when he awoke, was being kicked by unknown law enforcement officers.

Sabella contends that Defendant Kurtz was on the scene and failed to take steps to stop the assault. He also claims that Kurtz did not obtain medical attention for him until he was forced to do so by the Cumberland County Prison.

The complaint also alleges that Defendant McNair, who was in an unmarked car, did not attempt to stop the other Defendants from attacking him or obtain medical attention for him until forced to do so by the prison officials. Defendant Diller is also alleged to have witnessed the assault incident. While Sabella admits that he does not feel Diller had an active role in the assault, Diller is alleged to have failed to intervene or summon medical attention following the assault. Sabella claims that Diller illegally interrogated him knowing he was in need of medical attention, particularly because Diller is the one who photographed his injuries. Diller is also alleged to have told Sabella that he would "get a better sentence" if he did not report the incident. (Dkt. Entry 1, Compl. at unnumbered 2(a).) Sabella claims that based upon Diller's

2

comment, and because he feared retaliation, he did not file this lawsuit until after his sentence was imposed.

Defendant Baughman is alleged to have used a parole violator warrant to circumvent the need for police to obtain an actual search warrant. Sabella further maintains that Baughman was present during the assault and failed to intervene, even though no one saw him there until he showed up following the assault with the parole warrant papers. Sabella further contends that other unknown officers were actively and inactively involved in the assault. As relief, he requests monetary damages.

Defendants Troutner, Westmoreland, Diller and Turner have filed a motion to dismiss the complaint on statute of limitations grounds. (Dkt. Entry 11.) Defendant McNair has filed a motion to dismiss on the same basis. (Dkt. Entry 25.) The remaining Defendants have filed a motion to dismiss on the ground that, to the extent Plaintiff asserts a false arrest claim, Plaintiff's conviction precludes adjudication of the claim until and unless the conviction has been set aside. (Dkt. Entry 17.) Each of these motions has been briefed and is ripe for consideration by the Court.

## II.     **Motion for Appointment of Counsel**

Following service of the complaint in this case, Sabella filed a motion seeking the appointment of counsel in this case. (Dkt. Entry 8.) In the motion, he states that he is unable to afford an attorney, is limited in his ability to litigate this case due to his imprisonment, only

has a few hours per week in the prison law library and has minimal knowledge of the law.  He further contends that this case contains numerous defendants, is complex and will involve a trial with conflicting testimony requiring a skilled attorney's assistance.

It is well established that prisoners have no constitutional or statutory rights to appointment of counsel in a civil case.  Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915.  Montgomery v. Pichak, 294 F.3d 492, 499 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981).  The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law."  Montgomery, 294 F.3d at 499.  Insufficient facts have been alleged thus far to make an assessment of the probable merit of Sabella's claims.

Even assuming that the claims do have arguable merit, a weighing of the other pertinent factors militates against appointment of counsel at this time.  Those factors are:

4

> 1. The plaintiff's ability to present his or her own case;
>
> 2. The difficulty of the particular legal issues;
>
> 3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;
>
> 4. The plaintiff's capacity to retain counsel on his or her own behalf;
>
> 5. The extent to which a case is likely to turn on credibility determinations; and,
>
> 6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

Sabella has thus far demonstrated competent ability to prepare and submit documents to the Court which are both legible and comprehensible. While he complains about the time he has available to go to the prison law library, there is no question that he does have access to the law library for purposes of preparing his filings. Any concern over trial preparation in this matter is premature in light of the motions to dismiss which are pending, and the fact that no discovery has yet taken place. Further, the case is not overly complex, but rather, involves issues which are straightforward. Accordingly, the motion for counsel will be denied, but without prejudice to the matter being reconsidered either upon motion or sua sponte if circumstances change.

### III.     **Motions to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of a claim or claims for "failure to state a claim upon which relief can be granted. . . ." In evaluating whether a claim is subject to dismissal, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the Plaintiff.  See Mariana v. Fisher, 338 F.3d 189, 195 (3d Cir. 2003).  A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 44-46 (1957); see also Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004).  A litigant should be granted leave to amend, but not if amendment would be inequitable or futile.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

Two of the pending motions seek dismissal of the complaint as barred by the statute of limitations.  (Dkt. Entries 11, 25.)  In a section 1983 case, such as this one, a federal court must apply the appropriate state statute of limitations which governs personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985); Urrutia v. Harrisburg County Police Dep't., 91 F.3d 451, 457 n.9 (3d Cir. 1996).  The United States Supreme Court clarified its decision in Wilson when it held that the residual or general applicable state personal injury statute of limitations should be applied in § 1983 actions. See Owens v. Okure, 488 U.S. 235, 245-49 (1989); Little v. Lycoming County, 912 F. Supp. 809, 814 (M.D. Pa.), aff'd sub nom., Little v.

Smith, 101 F.3d 691 (3d Cir. 1996) (Unpublished Table Opinion).  Pennsylvania has a personal injury statute of limitations of two years.  See Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985); Smith v. City of Pittsburgh, 764 F.2d 188, 194 (3d Cir. 1985); Little, 912 F. Supp. at 814.

However, the question of when a cause of action accrues is a question of federal law.  See Smith v. Wambaugh, 887 F. Supp. 752, 755 (M.D. Pa. 1995), aff'd, 87 F.3d 108 (3d Cir. 1996). "In general, a section 1983 claim accrues when the facts which support the claim are, or should be, apparent to a person with a reasonably prudent regard for his rights and when the identity of the person or persons responsible for the alleged violation is known or reasonably should have been known to the plaintiff." Id. (citations omitted.)

Sabella was clearly aware of the facts supporting his excessive force claims when the incidents occurred on February 21, 2003.  Defendants Troutner, Westmoreland, Diller, Turner and McNair argue that because Sabella did not file this action until February 28, 2005, it is time-barred.

In opposing the motion to dismiss, Sabella cites to the "prison mailbox rule."  In Houston v. Lack, 487 U.S. 266 (1988), the Court ruled that date on which a pro se prisoner transmits documents to prison authorities for delivery to a court of law is to be considered the actual filing date for those documents.  The policy considerations behind this rule focus on the fact that a pro se inmate can only communicate with the court by handing over his written word to the prison authorities for mailing, and is unable to prevent any intentional delay in transmission by

those authorities. Further, the prisons most likely maintain a well-developed system of documenting when paperwork is submitted for mailing by the inmates so that any court inquiry with respect to mailing dates could easily be answered by prison mail logs. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003).

With the foregoing in mind, the particulars of the instant case with regard to the timeliness of the complaint will be examined. The complaint reveals that it was signed by Sabella on February 16, 2003. (Dkt. Entry 1, Compl. at 3, 4.) Sabella also submits a copy of a prison log which reveals that on February 17, 2005, prison authorities received mail from Sabella to be delivered to this Court. (Dkt. Entry 29, Ex. 2.) To be timely under the prison mailbox rule, the complaint had to be delivered to prison authorities on or before February 21, 2005, and it was. Accordingly, the motions to dismiss the complaint on the statute of limitations ground (Dkt. Entries 11, 25) will be denied.

The remaining Defendants have filed a motion to dismiss Sabella's claim of false arrest. (Dkt. Entry 17.) Defendant Cumberland County Detectives and Officer Baughman argue that because Sabella was found guilty of the drug charges for which he was arrested on February 21, 2003, his claim of false arrest is barred under the principles set forth in the case of Heck v. Humphrey, 512 U.S.477 (1994). In Heck, the Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence

invalid," until plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

Observing that there is no evidence that Sabella's underlying conviction has been overturned or invalidated, Defendants contend that Sabella cannot challenge the underlying lawfulness of his arrest in this civil rights action. See Heck, 512 U.S. at 486-87 & n.6. Our Court of Appeals has recognized, however, that a false arrest claim does not necessarily implicate the validity of the underlying conviction. See Gibson v. Superintendent of N.J., 411 F.3d 427, 449 (3d Cir. 2005); Shelley v. Wilson, 152 Fed. Appx. 126, 129 (3d Cir. 2005). It has determined that the "district court must make a fact-based inquiry to determine whether a successful § 1983 action would undermine the validity of a conviction or sentence." Id. Although Sabella has not responded to the argument raised in this motion to dismiss, the pleadings stage does not present an appropriate context for making the requisite fact-based determination. Accordingly, the motion to dismiss the false arrest claim will be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Appointment of Counsel (Dkt. Entry 8) is **DENIED WITHOUT PREJUDICE**.

2. The Motion to Dismiss filed by Defendants Troutner, Westmoreland, Diller and Turner (Dkt. Entry 11) is **DENIED**.

3. The Motion to Dismiss filed by Defendant McNair (Dkt. Entry 25) is **DENIED**.

4. The Motion to Dismiss filed by the Cumberland County Detectives and Officer Baughman (Dkt. Entry 17) is **DENIED**.

5. All discovery in the case shall be complete within sixty (60) days from the date of this Order. Any dispositive motions shall be filed within thirty (30) days from the close of discovery.

      **s/ Thomas I. Vanaskie**
      Thomas I. Vanaskie, Chief Judge
      Middle District of Pennsylvania