**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MICHAEL SABELLA,** : | |
| : | |
| Plaintiff, : | **CIVIL NO. 3:CV-05-0427** |
| : | |
| v. : | **(Judge Vanaskie)** |
| : | |
| **Agent TROUTNER, et al.,** : | |
| : | |
| Defendants. : | |

**MEMORANDUM and ORDER**

**I.    Introduction**

Plaintiff, Michael Sabella, currently an inmate at the State Correctional Institution at Coal Township, Pennsylvania, commenced this *pro se* action by filing a civil rights complaint pursuant to the provisions of 42 U.S.C. § 1983.  Plaintiff claims that Defendants used excessive force during Plaintiff's arrest.  By Order of this Court dated January 31, 2006 (Dkt. Entry 39), Plaintiff's first motion for appointment of counsel (Dkt. Entry 8) was denied.  Pending before the Court is Plaintiff's second motion for appointment of counsel (Dkt. Entry 56).  For the reasons that follow, the motion will be denied.

**II.    Discussion**

Although litigants have no constitutional or statutory rights to appointment of counsel in a civil case, Congress has conferred the Court with broad discretionary power to request counsel to undertake representation of an indigent litigant.  *See* 28 U.S.C. § 1915(e)(1); *Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147,

153 (3d Cir. 1993)).  In *Tabron*, the Third Circuit Court of Appeals developed a list of criteria to aid the district courts in deciding whether to seek volunteer counsel for indigent civil litigants.  As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law.  *Tabron,* 6 F.3d at 155.  If a claimant overcomes this threshold hurdle, the Third Circuit identified a number of factors that a court should consider when assessing a claimant's request for counsel.  These include (1) the plaintiff's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation, (4) the plaintiff's capacity to retain counsel on his own behalf, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses. *Id.* at 155-57.  Furthermore, the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

      Here, Plaintiff's motion fails to set forth sufficient circumstances to warrant appointment of counsel.  The Court is unable to evaluate the merits of Plaintiff's case.  However, although Plaintiff is indigent and the case is likely to turn on credibility determinations, both factors which would weigh in favor of appointing counsel, the legal issues are relatively uncomplicated,

investigation does not appear beyond the ability of Plaintiff, expert testimony is not likely to be required, and Plaintiff seems capable of presenting his arguments.  Although Plaintiff argues that his physical limitations will hinder his pursuit of this case, he has filed numerous documents and has not shown any inability to remain current in the action.  Consequently, the Court cannot say, at least at this point, that Plaintiff will suffer prejudice if he is forced to prosecute this case on his own. Ultimately, this Court does not see any change in the Plaintiff's circumstances since the denial of his prior motion for appointment of counsel (Dkt. Entry 8) which would warrant a different result on this motion.

Therefore, Plaintiff's motion for appointment of counsel will be denied.  In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered, either by the Court, on its own initiative, or upon a properly filed motion by the Plaintiff.

**AND NOW, THEREFORE, THIS 7th DAY OF FEBRUARY, 2007, IT IS HEREBY ORDERED THAT** Plaintiff's Second Motion for Appointment of Counsel (Dkt. Entry 56) is **DENIED**.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge